Aaron Otis Moore v. State

No. 27,022. June 2, 1954

*Maddin & Copeland* and *C. S. Farmer,* Waco, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice under the terms of Article 802c, V.A.P.C.; the punishment, two years.

The hour at which the accidental killing occurred is not definitely set by the witnesses. Assistant District Attorney Watson testified that he received the report of the accident at approximately 11:30 P.M. while at the sheriff's office. The witness Holland, who heard the collision and was the first to arrive at the scene, testified that it occurred around midnight. There were no eye-witnesses to the accident.

Two days later appellant's automobile was examined by police officers in his garage. On the bumper they found a certain quantity of blood, which was later established to be human blood. They also found that the front fender was bent and a headlight broken. They took scrapings from this fender and sent them, together with certain scrapings they had taken from a truck parked near the scene where the injured party met her death, to the Texas Department of Public Safety; and a chemist testified that both paint scrapings were chemically identical. He did not attempt to testify that they had come from the same automobile.

All the testimony came from witnesses called by the state. The appellant was shown to have been drinking earlier in the

evening, but the evidence of his state of intoxication is meager; and no witnesses testified to having seen appellant drive his car that night.

If we conclude that the above-stated evidence is sufficient to show that it was appellant's automobile which caused the death of the deceased, we are still confronted with the question of the sufficiency of the evidence to establish that appellant was the driver or in charge of the operation of his automobile at the time of the collision. We now examine such evidence.

The witness Adams saw the appellant driving his automobile in the city of Amarillo at 5:00 P.M. on the day charged in the indictment.

The witness Hazel Rhodes saw the appellant and another man who she did not know at approximately 8:00 P.M., and the other man was driving appellant's automobile.

The witness Sheppard saw the appellant and another man who was with him, but whom the witness did not know, leave his place of business at 11:40 P.M. He stated that the appellant went out the front door of his place of business, and that some three minutes later the other man left and went in the direction where automobiles were customarily parked. The witness was unable to say whether the two left in appellant's car or whether appellant was driving the car.

We have concluded that this evidence, coupled with the fact that appellant lived approximately a mile from the scene of the collision and in the same direction from town, is not sufficient to support the instant conviction.

Because of the insufficiency of the evidence, the judgment is reversed and the cause remanded.